STATE USE OF EDITH C. ZIER *vs.* THE CHESAPEAKE BEACH RAILWAY CO.

*Sufficiency of Declaration Charging Defendant with Negligence Causing Death—Amendment of Declaration not Changing Cause of Action does not Authorize Plea of Limitations to Amended Declaration.*

The declaration in an action to recover damages for the death of plaintiff's husband, averred that the deceased was a fireman on a train of the defendant company, and that by the want of diligence on the part of the officials *or* some one of the employes of the defendant, and especially by the want of due care and diligence of those in charge of the local train of the defendant which was running from the opposite direction, by the negligence of the employes of the defendant *or* the officers of the defendant, a collision occurred, through no want of care on the part of the deceased, and the latter received the injuries which caused his death.   *Held*, upon demurrer, that the disjunctive *or* must be taken as indicating that the words *officers* and *officials* were used in the same sense as the word *employes*, according to the rule that when a pleading is ambiguous its averments must be construed against the pleader ; that so construed the declaration avers that the injury complained of was caused by the negligence of the fellow-servants of the

deceased, and since it does not allege that the defendant was negligent in selecting said fellow-servants or in retaining them in its employment after their incompetency became known, the declaration fails to show any breach of its duty by the defendant and a demurrer thereto was properly sustained.

In the said action an amended declaration was filed more than twelve months after the death of the deceased the first count of which was the same as that above set forth, and the second count alleged that the negligence of the defendant consisted in its failure to use due care in selecting the fellow-servants by whose carelessness the death of the plaintiff's deceased was caused. Code, Art. 67, sec. 3, provides that an action to recover damages for a death caused by negligence must be brought within twelve months thereafter. The defendant pleaded to said second count that the cause of action did not accrue within twelve months before the filing of the amended declaration. To this plea plaintiff demurred. *Held*, that the amendment did not change the cause of action ; that the original declaration was founded upon the alleged negligence of the defendant through its agents, and though it was insufficient in law on account of the failure to allege that the defendant was negligent in the selection of its agents, yet that defect did not prevent the suit from being a pending action charging the d~fendant with negligence ; that the amendment which made a correct statement of the cause of action did not constitute a different suit, since the cause of action itself, the defendant's negligence, was the same, and that therefore the defendant was not entitled to plead the Statute of Limitations to the amended declaration.

The institution of a suit arrests the running of the Statute of Limitations, and a mere amendment of the declaration in that suit, when the cause of action remains the same, does not entitle the defendant to plead limitations to the amendment, although the statutory period arrived after the bringing of the suit and before the amendment was made.

But a new suit is begun when the amendment of the declaration is such as to change the cause of action, and if the period of limitations has supervened before the date of such amendment, the statute may be pleaded to the new cause of action first set up by such amendment.

Appeal from the Circuit Court for Prince George's County.

The cause was argued before McSHERRY, C. J., FOWLER, BOYD and SCHMUCKER, JJ.

*Charles H. Stanley* and *Alan Bowie*, for the appellant.

*C. C. Magruder* and *F. D. McKenney* (with whom was *J. S. Flannery*, on the brief), for the appellant.

McSHERRY, C. J., delivered the opinion of the Court.

This suit was brought under Article sixty-seven of the Code, in the name of the State of Maryland to the use of Edith C. Zier against the Chesapeake Beach Railway Company to recover damages sustained by the equitable plaintiff by reason of the death of her husband, Charles Zier, caused, as is alleged, by the negligence of the railway company. The suit was brought on the third day of January, 1901. On the fourteenth of June following a declaration containing a single count, was filed; and eleven days later a bill of particulars as required by *sec. 3, Art. 67 of the Code* was filed. In September pleas were filed. The case was brought forward by continuances and on April 17th, 1902, leave was obtained to file an amended declaration and on the same day an amended declaration containing two counts was filed. On May 19th there were filed a demurrer to the first count of the amended declaration and three pleas to the second count. Under *sec. 2, Art. 67 of the Code* actions founded on negligence resulting in death must be brought within twelve calendar months after the death of the person injured. The first plea relied on the statutory limitation of one year and was in these words: "That the alleged cause of action did not accrue within twelve calendar months before this suit." The second plea reads: "The defendant says that the alleged cause of action did not accrue within twelve calendar months before the filing of the plaintiff's said amended declaration." The third plea was simply not guilty. On July 15th, 1902, the demurrer to the first count of the amended declaration was overruled and the defendant obtained leave to plead over which was done by interposing the plea of not guilty. Issue was joined upon that plea and upon the first and third pleas to the second count whilst a demurrer was filed to the second plea to the second count. On April 8th, 1903, the demurrer to the second plea, the plea which alleged that the cause of action did not accrue within twelve calendar months before the filing of the amended declaration—was heard and was by the Court overruled. Thereupon leave was given the defendant to withdraw its plea to

the first count of the amended declaration and to refile a de-murrer to that count.   This was done and the demurrer was sustained, and the plaintiff was given permission to amend. The plaintiff declined to further amend, and having conceded in open Court that the amended declaration of April 17th, 1902, had not been filed within twelve calendar months after the death of Charles Zier, the Court entered judgment in favor of the defendant for costs.   From that judgment the pending appeal was taken.

It is manifest, as the aforegoing statement indicates that there are two questions presented by the record for considera-tion; and they are, *first*, was the ruling which finally sustained the demurrer to the first count of the amended declaration right?   And, *secondly*, was the overruling of the demurrer to the second plea to the second count of the amended declara-tion erroneous?

*First.* Was the ruling which sustained the demurrer to the first count of the amended declaration right?   In substance the count avers that Charles Zier, the husband of the equit-able plaintiff, was on July the second, 1900, a fireman on a train of the defendant railway company; that he was using due diligence in the running of the train, and that by the care-lessness, "want of diligence and proper performance of duty on the part of the officials *or* some one of the employes of the defendant *and especially by the want of due care and diligence of those in charge of the local train of said defendant, which was running from the opposite direction,* by the carelessness, negligence and want of due care and diligence *of the employes* of the said defendant *or* the officers of said defendant a colli-sion occurred through no want of care on the part of the said Charles Zier" and the latter received injuries which resulted in his death.

This count is obviously ambiguous and according to a well ·settled rule of pleading the sense of the averments must be taken most strongly against the pleader.   *Chit. Pl.*, 237.   Tested by that rule the disjunctive *or* would not be treated as denot-ing an alternative allegation but as indicating that the word

"officials" and the word "officers" were used as synonyms of the word "employes" which in one instance precedes and in the other follows the word "officials" and the word "officers." Officials or employes, and employes or officers, must be considered from the context as meaning the same thing—the terms being different designations of the same class of persons. Reading, then, the averments of the count in that light we have an instance of a palpable effort by the widow of a deceased servant to recover damages from the master for an injury caused by the negligence of a fellow-servant or co-employe; and that effort is distinctly disclosed on the face of the *narr.* The causative negligence relied on is broadly stated to be the negligence of the deceased's fellow-servants who were in charge of the local train which collided with the train upon which Zier was a fireman; and we have no averment that the master failed to use due and proper care in the selection of the fellow-servants by whose alleged negligence the injury was occasioned. In Maryland, though a different doctrine may prevail in other jurisdictions, a servant who is injured by the negligence of a fellow-servant has no right of action against the common master unless the latter has been guilty himself of negligence in selecting an incompetent fellow-servant who by his carelessness caused the injury; or in retaining him in service after his incompetency became known or ought to have been known by the master. *Wonder v. B. & O. R. R. Co.*, 32 Md. 418; *State, use of Hamlin v. Malster & Reaney*, 57 Md. 287; *Mayor, &c., Balto.*, v. *War*, 77 Md. 593. The failure to aver that the master was guilty of negligence in selecting or in retaining in its employment incompetent servants, when the declaration distinctly disclosed the fact that the injury sustained befell a servant by reason of the carelessness of a fellow-servant in the same employment, is a fatal defect; for the count, as framed, shows no breach of duty owed by the master to the injured servant, and where there is no breach of duty there can be no actionable negligence. The Court below was clearly right in sustaining the demurrer to the first count.

*Secondly*. Was the overruling of the plaintiff's demurrer to the second plea to the second count erroneous? The Statute of Limitations prescribed by sec: 3, Art. 67 of the Code, begins to run upon and from the date of the death of the injured individual. The suit must be brought within one year from that event. Zier died, as we are informed by the declaration, on July the second, 1900. The suit was brought on January the third, 1901. The amended declaration was filed on April the seventeenth, 1902, more than twelve calender months after Zier died. The amended declaration, it will be remembered contained two counts. The first was an exact copy of the original *narr*, and the second alleged what the first one omitted, viz., that the negligence of the defendent consisted in its failure to use proper care in selecting the fellow-servants by whose carelessness the death of Zier was caused. Now, it is insisted that the second count declares upon a distinct and wholly independent cause of action, set up for the first time on April 17th, 1902, and that therefore the defendant could properly plead as it did in the second plea, that the cause of action did not accrue within twelve calendar months before the filing of the amended declaration. And so the Court below held when it refused to sustain the demurrer to the second plea. Was that ruling correct?

The institution of a suit arrests the running of the Statute of Limitations, and the general rule is that where the period of limitations has not elapsed before the suit was brought a mere amendment of the declaration, *when the cause of action remains the same*, will not warrant the filing of a plea of limitations even though the statutory period has intervened between the time when the cause of action accrued and the date of making the amendment. The reason for this rule is that the bringing of the suit stops the running of the statute and consequently so long as the suit proceeds for the *same* cause of action the bar of the statute cannot attach. When, however, by amendment the *cause of action* is changed, a new suit is begun when the amendment is made, and if between the accruing of *that* cause of action and the date of the amend-

ment, which *for the first time* invokes that cause of action, the period of limitations has supervened, then the plea may be interposed to that *new* suit.    This is very concisely pointed out by Mr. Poe in his valuable work on *Practice*, sec. 189.    The adjudged cases clearly sustain this distinction.    Thus, in *Hamilton* v. *Thirston*, 94 Md. 253, it was held that a plea similar in effect to the one we are considering was proper because the amendment of the declaration changed the form of the action. That litigation was commenced by a suit which was first brought on December 30th, 1899, against administrators of an intestate for a breach of a parol contract alleged to have been made by the deceased in his lifetime to devise a child's share of the intestate's estate to the plaintiff.    The judgment recovered on that cause of action was reversed by this Court. *93 Md. 213.*    Under leave granted the cause was sent back to the Circuit Court for Washington County to be retried. When the record reached the latter Court leave was obtained on March 29th, 1901, to amend the declaration so as to declare in *assumpsit* upon a *quantum meruit* for services rendered the intestate, instead of the original cause of action—the breach of a special oral contract to devise a certain portion of the decedent's estate.    The intestate died in January, 1898.    When the amendment was made in April, 1901, pursuant to the leave obtained on March 29th, preceding, more than three years had elapsed since the rendition of the services sued for. Inasmuch as there was an entire change in the cause of action the amendment was treated as the commencement of a new suit and we held that the plea which averred that the cause of action did not accrue within three years prior to the 29th day of March, 1901, ought not to have been stricken out by the lower Court.    *94 Md. 256.*

In *W. U. Tel. Co.* v. *State, use of Nelson*, 82 Md. 293, we have a different situation presented.    There an amendment was made so as to supply the correct name of one of the two defendant corporations, and when the amendment was made the defendant corporation whose name was corrected, insisted that it was then for the first time brought into Court and it filed a

plea to the effect that the cause of action (which arose under the same article of the Code that controls the pending case) did not accrue within twelve months "before the filing of the plaintiff's amended declaration, by which it (the defendant) was made a party to the suit." That plea was stricken out and upon appeal we held the ruling to be right because upon ordering the amendment to be made, "not for the purpose of adding a new party, but to correct the name of a party actually summoned, the defendant could thereby acquire no right to interpose any other or different plea than it would have had if it had been correctly named in the first instance."

Did the amendment change the cause of action? As we have said the suit was brought under *Art. 67 of the Code*, which permits an action to be maintained to recover damages whenever the death of a person shall be caused by wrongful act, neglect or default; if the act, neglect or default (had death not ensued) would have entitled the injured party to recover damages in respect thereof. Now, the original declaration though defective was founded on the alleged negligence of the defendant. The fact that the *narr* was insufficient in law— that it did not accurately and formally set forth the real cause of action—did not prevent the suit itself from being a pending suit wherein the gravamen was the negligence of the defendant. When the amendment was made precisely the same cause of action was declared on. It is true it was imperfectly stated in the first count, but in the second it was correctly set forth. The negligence alleged in the first count was the negligence of the defendant through its agents, but was none the less the negligence of the master, though as respects a servant of the master it was not actionable. In the second count the negligence alleged was again the negligence of the master in failing to exercise due care in the selection of the fellow-servants by whom the injury was inflicted. But the suit to recover for the defendant's negligence was precisely the same after the amendment had been made that it was antecedently. The *statement* of the cause of action was different but the *cause of action* itself was identical. Injury resulting in death

is what occasioned the suit.   The imperfect statement of the case did not cause the correct statement of it to be a different cause of action.   Being the *same* cause of action the accurate statement of it in the amended declaration did not convert the original suit into a new and different suit; and therefore did not warrant the filing of any other plea of the Statute of Limitations than such as could have been interposed to the original *narr.*   The action for the negligence was in fact commenced within twelve calendar months from the death of Zier; and hence the plea which averred that the cause of action did not accrue within twelve months before the filing of the amended declaration ought to have been stricken down on demurrer, and there was, consequently, error in overruling the demurrer thereto.

Because of the error just named the judgment must be reversed and a new trial will be awarded.

*Judgment reversed with costs above and*
*below and new trial awarded.*

(Decided December 4th, 1903.)