## (September 27, 1971)

■ HARRY DALE, as Administrator of the Estate of BARRY L. DALE, Deceased, et al., Respondents, v. HALF HOLLOW HILLS SCHOOL, CENTRAL SCHOOL DISTRICT No. 5, et al., Appellants, et al., Defendant.— In an action to recover damages for wrongful death, etc., the appeal is from an order of the Supreme Court, Suffolk County, dated August 15, 1968, which granted plaintiffs' cross motion to amend their notice of claim. Order modified by adding to the decretal provision therein, which granted said cross motion, the following: " except that the portion of plaintiffs' cross motion which seeks to amend said notice of claim *nunc pro tunc* so as to include a claim on behalf of plaintiffs Harry Dale and Helene Carol Dale for mental anguish as father and mother, respectively, of the deceased infant, is denied ". As so modified, order affirmed, without costs. Plaintiffs may not recover for the mental pain and suffering sustained by them resulting from their seven-year-old daughter having being struck and fatally injured by a school bus owned by defendant School District and driven by defendant Montgomery (*Tobin* v. *Grossman,* 24 N Y 2d 609). Accordingly, the branch of plaintiffs' motion which seeks to amend their notice of claim *nunc pro tunc* under subdivision 6 of section 50-e of the General Municipal Law, so as to interpose a claim for such mental anguish, should have been denied by Special Term (*Owen* v. *Derry,* 71 N. H. 405). Assuming such a claim would in fact constitute a valid cause of action, an amendment seeking to interpose it would be of a substantive nature and, therefore, not within the purview of this provision of the General Municipal Law. It would be, in effect, the interposition of a new cause of action subsequent to the time limited by statute (*Matter of Kinard* v. *City of New York,* 26 A D 2d 821). Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.

■ CAROL GARDNER, Respondent, v. ROBERT GARDNER, Appellant.— In a divorce action, defendant appeals from an order of the Supreme Court, Nasssau County, dated December 3, 1970, which, *inter alia,* directed him to pay to plaintiff, weekly, $25 for alimony *pendente lite* and $75 for support of the children of the marriage, and also to pay the carrying charges and the fuel and utility bills on the marital residence, exclusive of telephone service; and which further awarded plaintiff a counsel fee of $500. Order modified by striking therefrom the ordering paragraph which directed payments for alimony and support, including the charges and bills on the residence, and by substituting therefor a provision directing defendant to pay to plaintiff $120 per week to cover the support and maintenance of plaintiff and the children of the marriage and to further cover all expenses and carrying charges on the marital residence. As so modified, order affirmed, without costs. In our opinion, the award of temporary support and the direction that defendant pay the carrying charges and other expenses on the marital residence beyond the sum herein provided therefor was an abuse of discretion. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.