MORRIS A. MORRELL et al. *v.* SYLVIA
HALL WILLIAMS et al.

\* \* \*

RAYNETTA RENEE FOWLKES
*v.* MORRIS A. MORRELL

[No. 62, September Term, 1976.]

*Decided December 8, 1976.*

*Opinion Reaffirmed February 28, 1977.*

498

*Limited reargument granted, hearing held and the opinion of the Court reaffirmed.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Frank J. Vecella* and *E. Dale Adkins, III*, with whom were *Anderson, Coe & King* on the brief, for Morris A. Morrell, one of appellants. *Steven A. Charles*, with whom were *E. B. Harris* and *Hardwick, Tripoda & Harris* on the brief, for John Lee Worsham, other appellant.

*I. Marshall Seidler*, with whom were *Henry Miller* and *Eccleston, Seidler & Miller* on the brief, for Sylvia Hall Williams et al., appellees.

SINGLEY, J., delivered the opinion of the Court. LEVINE and ELDRIDGE, JJ., dissent in part and ELDRIDGE, J., filed an opinion dissenting in part, in which LEVINE, J., concurs, at page 509 *infra*. DIGGES, J., following reargument, concurs in part and dissents in part and filed an opinion at page 511 *infra*.

This wrongful death action has generated three appeals. A discussion of the facts and of the proceedings in the lower court is a necessary preliminary to an understanding of the issues.

Raymond D. Hall, a 16-year-old student, was struck and killed on the night of 22 January 1971 by a van truck owned by Morris A. Morrell and driven by John Lee Worsham. Worsham, who had been employed by Morrell for nearly two months, transported rental television sets to and from area hospitals. At the time of the accident, Worsham had completed his work for the day and was not on Morrell's business.

At the time Worsham was interviewed for the job, he represented to Joseph Caccaimo, Morrell's supervisor, that he had served in Vietnam, had been honorably discharged

from the service, had a driver's license and had considerable driving experience, including the driving of trucks. Caccaimo testified that Worsham, at the time of the interview, showed him a military driver's license and what purported to be a valid Maryland driver's license. Worsham's version was that he merely told both Caccaimo and Morrell that he had a driver's license.

It was not until after the accident that Morrell learned that Worsham had neither a Maryland driver's license nor a driver's license from any other state and was at least technically absent without leave from the United States Army.[1]

In January, 1972, Sylvia Hall Williams, the mother of Raymond Hall, as personal representative of the estate of her deceased son, and as wrongful death beneficiary, filed a three-count declaration against Morrell and Worsham.

Counts one and two of the declaration brought by Mrs. Williams in her capacity as her son's personal representative were for damages for the decedent's pain and suffering and medical and funeral expenses. Count one was brought against Morrell and Worsham; count two, against Morrell alone, predicated upon negligent entrustment. Count three of the wrongful death claim set forth Mrs. Williams' claim against Morrell and Worsham for pecuniary loss.

In March, 1973, more than two years after Raymond's death, an amended declaration was filed, incorporating the same three counts, but adding to the third count a new element of damage: a claim for damages for Mrs. Williams' mental anguish occasioned by the death of Raymond Hall. Both Morrell and Worsham filed a plea of limitations to the mental anguish claim.

About two months later, a second amended declaration was filed, incorporating the counts of the first amended declaration, but adding a fourth count, by Margaret Mae

---

1. Worsham testified that he had completed three years' service in the army, had re-enlisted with the understanding that he would be returned to Vietnam, and had sought other employment during 30 days of re-enlistment leave when he discovered that he would not be returned to duty in Vietnam.

Banks, the maternal grandmother and next friend of Raynetta Renee Fowlkes, asserting the wrongful death claim of Raynetta Renee Fowlkes, born 9 August 1971, the illegitimate infant daughter of Raymond Hall. This fourth count specifically referred to itself as a "separate and distinct cause of action." Morrell demurred to the fourth count, and his demurrer was sustained. Fowlkes appealed to the Court of Special Appeals and that court dismissed the appeal because of a failure to comply with Maryland Rule 605 a which provides that where there is more than one claim for relief an appeal may be taken from a final judgment upon one or more but less than all of the claims only upon an express determination by the trial court that there is no just reason for delay. Worsham filed a plea.

The case came on for trial before a jury in the Superior Court of Baltimore City. The court reserved ruling on Morrell's motions for directed verdicts, and the case was submitted to the jury on issues. The jury found no contributory negligence on Raymond's part, found Worsham to have been negligent, absolved Morrell of any liability grounded on agency, but imposed liability on Morrell on the theory of negligent entrustment.

The jury returned verdicts in favor of Mrs. Williams as personal representative against both defendants for $20,000.00, in favor of Mrs. Williams as wrongful death beneficiary against both defendants for $30,000.00, and a verdict in favor of Raynetta Renee Fowlkes as wrongful death beneficiary for $20,000.00 against Worsham only, Morrell's demurrer having been sustained. Morrell and Worsham filed motions for judgments n.o.v. and Worsham, a motion for a new trial. All motions were denied, and judgments absolute were entered.

Appeals to the Court of Special Appeals were noted by Morrell and Worsham from the judgments entered against them, and by Raynetta Renee Fowlkes from the order of the trial court sustaining Morrell's demurrer. We granted certiorari before the case was heard in the Court of Special Appeals.

The contentions raised by the several appellants, which will be separately considered, can be summarized.

*Morrell*:

(i) The trial court erred in failing to direct a verdict for Morrell on negligent entrustment;

(ii) The trial court erred in its instructions to the jury;

(iii) The wrongful death claim of Sylvia Hall Williams for mental anguish was barred by limitations.

*Worsham*:

(i) The wrongful death claim of Sylvia Hall Williams for mental anguish was barred by limitations;

(ii) The wrongful death claim of Raynetta Renee Fowlkes was barred by limitations;

(iii) The wrongful death claim of Raynetta Renee Fowlkes was barred by her illegitimacy.

*Fowlkes*:

(i) Because Maryland Code (1957) Art. 67, § 4, which permitted an illegitimate child to recover for the wrongful death of his or her mother, but not for the wrongful death of his or her father, was unconstitutionally discriminatory, Morrell's demurrer should not have been sustained, and the statute should be construed to permit recovery for the wrongful death of an illegitimate child's father.

### The Morrell Appeal

Under the view which we take as regards the issue of negligent entrustment, a consideration of Morrell's other contentions is unnecessary.

The Maryland Motor Vehicle Law is found in Code (1957, 1970 Repl. Vol.) Art. 66½. Section 6-305 of that article, in effect on the date of the accident with which we are here concerned, provided:

"No person shall authorize or knowingly permit a

motor vehicle owned by him or under his control (1) to be driven upon any highway by any person who is not authorized hereunder or (2) in violation of any of the provisions of this subtitle." [2]

It should be noted that this is a criminal sanction, the violation of which constituted a misdemeanor under § 17-101 (a).

Maryland has adopted the doctrine of negligent entrustment as stated in 2 Restatement (Second) of Torts § 390 at 314 (1965):

"One who supplies directly or through a third person a chattel for the use of another *whom the supplier knows or has reason to know* to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them." (emphasis supplied)

In short, the doctrine requires scienter and has been applied in cases involving automobiles where the owner knew or should have known that the use of the entrusted car by the entrustee would likely involve unreasonable risk, *Curley v. General Valet Service, Inc.*, 270 Md. 248, 311 A. 2d 231 (1973); *Snowhite v. State ex rel. Tennant*, 243 Md. 291, 221 A. 2d 342 (1966); *Rounds v. Phillips*, 166 Md. 151, 170 A. 532 (1933).

Morrell argues that there was insufficient evidence to permit the issue of negligent entrustment to go to the jury, and that his motion for a directed verdict in his favor should have been granted. We agree. The critical point is that a violation of § 6-305 of the Motor Vehicle Code requires proof

---

**2.** Section 6-305 was amended by Chapter 118 of the Laws of 1973, effective 1 July 1973. It now provides:

"No person shall knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is (1) not authorized hereunder or (2) in violation of any of the provisions of this subtitle."

that the vehicle owner authorized the use of a motor vehicle by a person whom he knew to be without a license, while the doctrine of negligent entrustment may be invoked only against the vehicle owner who knows or should have known that the use would involve an inordinate risk of physical harm. In *Curley, supra,* the employer knew of the driver's traffic record; in *Snowhite, supra,* the employer knew of the driver's intemperate drinking, and in *Rounds, supra,* the parents knew of their son's reckless driving and accident record.

In our view, the case before us is not controlled by these cases, but may be likened to *U-Haul Co. v. Rutherford,* 10 Md. App. 373, 270 A. 2d 490 (1970), where the Court of Special Appeals concluded that the lessor of an automobile was entitled to a directed verdict in its favor when the evidence showed that although it leased a truck to an unlicensed driver, it neither knew nor had reason to know that the license exhibited by the lessee was not his own, compare *U-Haul Co. v. Rutherford, supra, with Tri-State Equipment Co. v. Stauffer,* 24 Md. App. 221, 330 A. 2d 680 (1975).

So far as Morrell knew, Worsham was an experienced driver who had a driver's license. Worsham told Morrell that he had a driver's license, that he had driven automobiles in Maryland before going into the army, that after entering the army in 1968 he had undergone driver's training at Fort Dix, that he had driven army vehicles at Fort Dix, that he had driven army trucks in Vietnam for nearly a year, and that after returning to Fort Meade in Maryland, he had driven army vehicles on Maryland highways.[3] Because Morrell's motion for a directed verdict should have been granted, the judgments against him in favor of Mrs. Williams as personal representative for $20,000.00, and in favor of Mrs. Williams as wrongful death beneficiary for $30,000.00 will be reversed. For the same reason we shall not disturb the order sustaining Morrell's demurrer to the wrongful death claim

---

**3.** There was testimony by a representative of the Motor Vehicle Administration that had Worsham exhibited his army driver's license, he would have been issued a Maryland driver's license, possibly without taking a road test.

of Raynetta Renee Fowlkes, because the same result would have obtained had a directed verdict been entered in his favor.

## The Worsham Appeal

Worsham contends (i) that the wrongful death claim of Sylvia Hall Williams for mental anguish was barred by limitations; (ii) that the wrongful death claim of Raynetta Renee Fowlkes was barred by limitations, and (iii) that the wrongful death claim of Raynetta Renee Fowlkes was barred by her illegitimacy.

Under the view we take of the case, the first two contentions are dispositive, and we need not consider the third. The original declaration was clearly framed to cover pecuniary loss: the first two counts for the decedent's pain and suffering and medical and funeral expenses, respectively. The third count was for Mrs. Williams' loss of support. The first amended declaration added to count three a claim for damages for mental anguish.

We agree with Worsham that the addition of this claim was barred by limitations. The accident occurred on 22 January 1971. At that time Code (1957, 1970 Repl. Vol.) Art. 67, § 4 (a) required that the action be brought within two years of death.[4] By Chapter 352 of the Laws of 1969, to Article 67 there had been added a new § 4 (b) permitting the recovery of damages for emotional pain and suffering, in addition to those for pecuniary loss, in the event of the death of a spouse or minor child. This recovery was available to Mrs. Williams at the time suit was filed by her on 20 January 1972. The amended declaration asserting the additional claim for mental anguish was filed on 21 March 1973, more than two years after the cause of action arose.

We have heretofore held that the period within which an action for wrongful death must be brought is more closely analogous to a condition precedent than to the traditional concept of a statute of limitations, although it has been so characterized frequently in our cases, *Smith v.*

4. Now three years, Maryland Code (1974), § 3-904 (f) Courts and Judicial Proceedings Article.

*Westinghouse Electric Corp.*, 266 Md. 52, 55-56, 291 A. 2d 452, 454-55 (1972). *See The Harrisburg*, 119 U. S. 199, 214 (1886). In *Slate v. Zitomer, Church v. Gasperich*, 275 Md. 534, 543, 341 A. 2d 789, 795 (1975), we held that Chapter 784 of the Laws of 1971, effective 1 July 1971, increasing the period of limitations in wrongful death actions from two to three years could not be construed as applying retrospectively to causes of action arising between 1 July 1969 and 1 July 1971.

In any event, an amended declaration filed after the expiration of a statute of limitations will be barred, if the amended declaration states a new cause of action or a new theory of liability, *Eastern Air Lines, Inc. v. Phoenix Svgs. & Loan Ass'n*, 239 Md. 195, 201, 210 A. 2d 515, 518 (1965); *Cline v. Fountain Rock Lime & Brick Co.*, 214 Md. 251, 258, 134 A. 2d 304, 307-08 (1957); *Schuck v. Bramble*, 122 Md. 411, 413, 89 A. 719, 720 (1914); 3 J. Poe, Pleading and Practice § 189 at 291-95 (6th ed. 1975); 2 J. Poe, Pleading and Practice § 189 at 138, 140 (5th ed. 1925); 18 Md. L. Rev. 161, 162 (1958). See *Dale v. Half Hollow Hills School, Cent. Sch. Dist. #5*, 37 App. Div. 2d 778, 325 N.Y.S.2d 267 (Sup. Ct. App. Div. 2d Dep't 1971) (dictum that interposition of a claim for mental anguish in a wrongful death case by amendment would be a new cause of action instituted subsequent to the time limited by statute, and, therefore, was barred) and *Smith v. Mercer*, 276 N. C. 329, 172 S.E.2d 489 (1970) (which held that a new statute permitting recovery of damages for solatium under a wrongful death statute created a new cause of action). To similar effect are *Totten v. Loventhal*, 373 S.W.2d 421 (Ky. 1963); *Serio v. Slifkin*, 291 Ill. App. 614, 9 N.E.2d 422 (1937), *Paskes v. Buonaguro*, 249 N.Y.S.2d 943 (Sup. Ct. Spec. Term 1964).

Contrary results based on the same reasoning have been reached in *Crowe v. Houseworth*, 272 Md. 481, 325 A. 2d 592 (1974); *Doughty v. Prettyman*, 219 Md. 83, 90, 148 A. 2d 438, 441-42 (1959) (amendments related back which stated same operational facts, did not introduce a new theory of liability, but merely spelled out in detail the basis of the alleged liability); *State ex rel. Cavanaugh v. The Arundel Park*

*Corp.*, 218 Md. 484, 489, 147 A. 2d 427, 429-30 (1959) (amendments related back which were but a different statement of the same theory of action consistently based on negligence); *Brooks v. Childress*, 198 Md. 1, 81 A. 2d 47 (1951); *State ex rel. Zier v. Chesapeake Beach Ry. Co.*, 98 Md. 35, 40-41, 56 A. 385, 386 (1903) (amendments related back where both original declaration and amended declaration were predicated upon defendant's negligence and were, therefore, same cause of action); *Western Union Tel. Co. v. State ex rel. Nelson*, 82 Md. 293, 33 A. 763 (1896) (amendment corrected name of one of two corporate defendants).

The point is, of course, that a claim for mental anguish is a totally different cause of action, requiring different proof and involving a measure of damages differing from that in an action for pecuniary loss in the traditional sense. In *Wittel v. Baker*, 10 Md. App. 531, 537-38, 272 A. 2d 57, 60 (1970), *cert. denied* (1971), the Court of Special Appeals concluded that the enactment of Art. 67, § 4 (b) was a change in substantive law, which created a new cause of action. *See* 2 S. Speiser, Recovery for Wrongful Death, § 11:58 at 281-84 (2d ed. 1975).

Mrs. Williams' declaration, as originally filed, was for damages for pain and suffering, medical and funeral expenses and pecuniary loss. As to the latter, recovery would have been minimal, since she could have recovered only for those years which remained of her son's minority.[5] *State v. Prince George's County*, 207 Md. 91, 107, 113 A. 2d 397, 404 (1955).

The mental anguish count which was added by the first amendment was posited on an entirely different cause of action and would have brought into play a wholly distinct measure of damages, one which could well have been measured by the joint lives of Mrs. Williams and her son. Because the amended declaration stated a new cause of action, it was barred.

---

5. The trial judge recognized this in his charge to the jury.

The second amendment shared the infirmity of the first, stemming not from the addition of a new party, which is permitted by the Wrongful Death Act at any time before final judgment, Rule Q 43, but because it introduced a new and additional predicate for recovery. This is far different from the amendments permitted in *Mack Trucks, Inc. v. Webber*, 29 Md. App. 256, 262-65, 347 A. 2d 865, 869-70 (1975), *cert. denied* (1976); *Brooks v. Childress, supra*, 198 Md. 1, and *State ex rel. Zier v. Chesapeake Beach Ry. Co., supra*, 98 Md. at 40-41, where the changes were in form rather than substance; that is, the amended statement of the cause of action was different but the cause of action itself remained the same.

### The Fowlkes Appeal

For these reasons, we think that the wrongful death claim of Raynetta Renee Fowlkes was barred by limitations, having been asserted in the second amended declaration, filed more than two years after the cause of action arose.

We are simply unpersuaded by her principal contention that the two-year period within which an action for wrongful death must have been brought did not bar her claim because Rule Q 43 permits any person claiming to be entitled to damages in a wrongful death action to intervene as a party plaintiff at any time prior to verdict or judgment *nisi*. The Fowlkes claim did not merely relate to the manner in which the total amount of recovery originally claimed would be divided, but to an additional amount of recovery. Indeed, the fourth count by its terms set forth a "separate and distinct cause of action."

In simplest terms, Mrs. Williams' claim for mental anguish was over and above her claim for pecuniary loss, and the Fowlkes claim, instead of being based on the assertion of a claim to some part of Mrs. Williams' recovery under the original declaration, was for a wholly different pecuniary loss and further pyramided the amount sought.

We shall therefore affirm the judgment for $20,000.00 in favor of Mrs. Williams against Worsham, reverse the judgment for $30,000.00 in favor of Mrs. Williams against

Worsham only, and remand the case for a new trial on the question of pecuniary damages.

> *Judgment for $20,000.00 in favor of Sylvia Hall Williams as personal representative against Morris A. Morrell reversed, without a new trial.*
>
> *Judgment for $20,000.00 in favor of Sylvia .Hall Williams as personal representative against John Lee Worsham affirmed.*
>
> *Judgment for $30,000.00 in favor of Sylvia Hall Williams against Morris A. Morrell reversed without a new trial.*
>
> *Judgment for $30,000.00 in favor of Sylvia Hall Williams against John Lee Worsham reversed, and case remanded for trial on issue of damages only.*
>
> *Judgment for $20,000.00 in favor of Raynetta Renee Fowlkes against John Lee Worsham reversed without a new trial.*
>
> *Costs to be paid, one-third by Sylvia Hall Williams; one-third by John Lee Worsham and one-third by Raynetta Renee Fowlkes.*

*Eldridge, J., dissenting in part:*

I cannot agree with that part of the majority's opinion which holds that Sylvia Hall Williams's amended declaration seeking damages for mental anguish is barred by limitations. The amendment merely supplements a timely filed declaration stating a cause of action for wrongful death, by introducing an element of damages expressly permitted by statute. The amendment does not, in my view,

predicate liability upon some new, independent cause of action.

It is well settled that an amendment to a declaration which states a cause of action not encompassed in the original declaration will be barred if not filed within the limitations period. But an amendment such as the one in the present case, introducing a new element of damages, does not constitute a new cause of action and relates back to the commencement of the action. The courts have so held, and have permitted such amendments even though the statute of limitations had run. *Hall v. Pennsylvania R. Co.*, 257 Pa. 54, 100 A. 1035, 1039-1040 (1916).

Thus, in *Caldwell v. Hodges*, 18 Tenn. App. 355, 77 S.W.2d 817, 822 (1934), the plaintiff was permitted to amend the original declaration in a wrongful death action to include as damages certain medical expenses, even though the amendment introduced "an element of damage not mentioned in the [original] declaration" and was filed after the statutory period of limitations. The court held that "an amendment claiming increased damages, or additional items of damages, for the same wrongful act seasonably pleaded, does not introduce a new cause of action within the statute of limitations." (77 S.W.2d at 823.) Similarly, in *Schwab v. P. J. Oesterling & Son, Inc.*, 386 Pa. 388, 126 A. 2d 418 (1956), the plaintiff in a survival action was permitted to amend the original complaint after the limitations period to include loss of earnings of the decedent, an element of damages not included in the original complaint. The court held that an amendment introducing " 'an additional element or an added claim of damage arising from the same circumstances' " is not barred by limitations. (126 A. 2d at 421.) *See also Indiana Toll Road Commission v. Bartusch*, 135 Ind. App. 123, 184 N.E.2d 34 (1962).

Similarly, I believe that the amendment naming Raynetta Renee Fowlkes was proper. A child of the decedent is a primary beneficiary in an action for wrongful death. Maryland Code (1974), § 3-904 (a) of the Courts and Judicial Proceedings Article. A person entitled to bring an action under a wrongful death statute may intervene in a pending

action even after the period of limitations has run. *Rabe v. Western Union Telegraph Co.*, 198 Cal. 290, 244 P. 1077, 1079-1081 (1926); 2 S. Speiser, *Recovery for Wrongful Death* § 11:55 (2d ed. 1975). And the wrongful death action of Raynetta Renee Fowlkes cannot constitutionally be barred by reason of her illegitimacy. *Levy v. Louisiana*, 391 U. S. 68, 88 S. Ct. 1509, 20 L.Ed.2d 436 (1968); *Weber v. Aetna Casualty & Surety Co.*, 406 U. S. 164, 92 S. Ct. 1400, 31 L.Ed.2d 768 (1972).

For these reasons, I believe that the judgment in favor of Sylvia Hall Williams against Worsham and the judgment in favor of Raynetta Renee Fowlkes against Worsham should both be affirmed.

Judge Levine has authorized me to state that he concurs in the views expressed in this dissent.

*Digges, J., following reargument, concurring in part and dissenting in part*:

While I agree with the majority in all other respects, I would affirm the judgment for $30,000.00 in favor of Sylvia Hall Williams against John Lee Worsham for the reasons stated by Judge Eldridge in his dissenting opinion.