981 F.2d 1250
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Yolanda T. CUPERTINO; Ernesto V. Cupertino, Plaintiffs-Appellants,
v.
William Joseph SCHNEIDER; Michael J. Marra, A Division of
J. Marra Group, d/b/a Capital Architectural
Refinishers, Defendants-Appellees.
 No. 92-2067.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 15, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-90-2264-HAR)
 James William Taglieri, Cadeaux & Taglieri, P.C., Washington, D.C., for Appellants.
 William Joseph Schneider, Laurel, Maryland; Scott Douglas Goetsch, Semmes, Bowen & Semmes, Baltimore, Maryland, for Appellees.
 D.Md.
 Affirmed.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Yolanda T. and Ernesto V. Cupertino appeal from the district court's orders (1) dismissing the action with regard to Defendant William Joseph Schneider and (2) denying the Cupertinos' motion to amend the complaint and granting summary judgment for Defendant Michael J. Marra. Because the district court did not err, both orders are affirmed.
 
 
 2
 The Cupertinos brought a diversity action against Schneider personally for negligence involving a car accident, and against Marra in respondeat superior as Schneider's employer. The Cupertinos were granted five extensions of time to serve Schneider but were unable to do so. The district court found that the Cupertinos' sixth motion for an extension of time failed to show that there was any real chance that Schneider would be served and denied the motion. Extensions of time to serve a party are within the district court's discretion. Fed. R. Civ. P. 4, 6. The district court's factual finding that no real chance of service existed is not clearly erroneous. Based on this finding, the decision to deny the extension of time was not an abuse of discretion. See Fed. R. Civ. P. 52(a).
 
 
 3
 The district court also denied the Cupertinos' motion to amend their complaint. Marra moved for summary judgment on the basis that he was not liable in respondeat superior because Schneider had acted outside the scope of his employment. The Cupertinos admitted this was true, and moved to amend their complaint to include an allegation of negligent entrustment by Marra to Schneider. See Morrell v. Williams, 366 A.2d 1040 (Md. 1976). However, the amended action was barred by the three-year Maryland statute of limitations. Md. Cts. & Jud. Proc. Code Ann. § 5-101 (Supp. 1992). Because the negligent entrustment claim involved a different legal theory and rested on different facts than the respondeat superior claim and the accident itself, and because Marra would be prejudiced by allowing the amendment, the relation-back provision of Fed. R. Civ. P. 15(c) is inapplicable. Grattan v. Burnett, 710 F.2d 160 (4th Cir. 1983), aff'd, 468 U.S. 42 (1984); see also Morrell, 366 A.2d 1040. Thus, the district did not err in denying the motion to amend.
 
 
 4
 We affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED