## TALBOTT *v.* GEGENHEIMER

[No. 83, September Term, 1964.]

*Decided December 7, 1964.*

*Motion for rehearing filed December 24, 1964, denied January 4, 1965, and opinion modified.*

The cause was argued before HENDERSON, C. J., and PRES-COTT, HORNEY, SYBERT, and OPPENHEIMER, JJ.

*William F. Hickey* for the appellant.

*Albert E. Brault* for the appellee.

HENDERSON, C. J., delivered the opinion of the Court.

This appeal presents the narrow question whether a plea of the statute of limitations may properly be interposed when a new party is brought in by amendment after the period of limitations has elapsed. The action was for personal injuries sustained in an automobile accident when the car in which the plaintiff (appellant) was riding, driven by a Mrs. Higgins, collided with a car driven by Mary E. Gegenheimer. She sued Mrs. Higgins and Mr. Gegenheimer, as the drivers of the two cars. By amendment after the lapse of three years from the date of the accident Mary E. Gegenheimer, the wife of Harold G. Gegenheimer, was alleged to be the driver of the other car and her husband the owner. A motion for summary judgment was granted as to her. It is conceded that this order is presently appealable. Cf. *Concannon v. State Roads Comm.,* 230 Md. 118, 125.

We think the motion for summary judgment was properly granted. This was not the case of a mere misnomer, as in *Western Union v. State, use of Nelson,* 82 Md. 293, (see also Maryland Rule 320 b 1) nor was it a mere change in the theory of liability against the same party. See *Doughty v. Prettyman,* 219 Md. 83; *Brooks v. Childress,* 198 Md. 1; and *Zier v. Chesapeake Ry. Co.,* 98 Md. 35. We are not here considering the action against Mr. Gegenheimer. It may well be that as to him liability may be predicated upon his ownership of the car (if Mrs. Gegenheimer was acting as his agent or servant at the time of the accident) rather than upon his direct negligence as an operator. This would not necessarily involve a change in the cause of action. But Mrs. Gegenheimer is obviously an entirely new party, who was not charged with liability on any theory in

the first declaration. We think her plea of limitations is therefore good. Cf. *Alexander v. Rose,* 181 Md. 447. See also *Hill v. Withers,* 55 Wash. 2d 462, 348 P. 2d 218, and the cases collected in 8 A.L.R. 2d 6, 112, 120.

*Judgment affirmed, with costs.*