627 A.2d 550

**Jerome C. GRAND–PIERRE**

**v.**

**MONTGOMERY COUNTY, Maryland.**

**No. 1778, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

July 12, 1993.

John S. Lopatto, III (Paulson, Nace, Norwind & Sellinger, on the brief), Washington, DC, for appellant.

Joann Robertson, Sr. Asst. County Atty. (Joyce R. Stern, County Atty., on the brief), Rockville, for appellee.

Argued before MOYLAN, BISHOP and MOTZ, JJ.

MOTZ, Judge.

On June 29, 1989, an automobile owned and operated by appellant, Jerome C. Grand–Pierre, was struck by a Montgomery County vehicle. On June 11, 1992, Gerald Martin, who was a passenger in appellant's car at the time of the accident, filed a complaint against Montgomery County in the circuit court. Alleging that as a passenger in the vehicle driven by Grand–Pierre he sustained injuries in the collision with the county vehicle, Martin requested a jury trial and

claimed damages in the amount of $250,000. On July 6, 1992, sixteen days *after* the three year statute of limitations had expired (but before Martin's Complaint had been answered by Montgomery County) Grand–Pierre filed a motion to intervene in the Martin case. This motion was accompanied by a proposed intervenor complaint seeking $200,000 in negligence damages, or a "larger amount if authorized by the Local Government Tort Claims Act." Montgomery County filed an opposition to Grand–Pierre's motion to intervene on the ground that the statute of limitations had expired. On August 27, 1992, a hearing was held in the Circuit Court for Montgomery County (Ruben, J.), at which Grand–Pierre's motion to intervene was denied.

On appeal,[1] Grand–Pierre raises a single issue: Whether, after a timely Complaint by a passenger in an automobile collision negligence case mentions the vehicle driver and potential intervenor by name, and where the defendant has otherwise received timely notice of the intervenor's claim, a statute of limitations defense may correctly be interposed to both defeat a Rule 2–214 Motion to Intervene and Amended Complaint to the timely filing date of the original Complaint.

Grand–Pierre claims that the Maryland intervention and relation back rules must be interpreted according to precedents "under the modern Federal Rules of Civil Procedure," which, he asserts, would clearly permit his intervention and allow relation back to the filing date of Martin's complaint, and so circumvent the statute of limitations bar to his claim. Grand–Pierre is correct that the Maryland and federal intervention rules are similar. *Compare* Md.Rule 2–214 *with* Fed. R.Civ.P. 24. Moreover, the Court of Appeals has stated that

---

1. At the outset, it should be noted that the appeal is properly before this Court because a denial of a motion to intervene is a final appealable order. *Maryland Radiological Soc'y, Inc. v. Health Servs. Cost Review Comm'n*, 285 Md. 383, 388 n. 4, 402 A.2d 907 (1979). *See also Citizens Coordinating Comm. v. TKU Assocs.*, 276 Md. 705, 709–710, 351 A.2d 133 (1976).

in the absence of Maryland authority, the similarity in these rules makes the decisions of the federal courts interpreting the federal rule of considerable precedential value in construing the Maryland rule. *Maryland Radiological Soc'y, Inc. v. Health Servs. Cost Review Comm'n,* 285 Md. 383, 388 n. 5, 402 A.2d 907 (1979). *See also Citizens Coord. Comm. v. TKU Assocs.,* 276 Md. 705, 712, 351 A.2d 133 (1976) (federal cases interpreting federal rule continue to serve as a guide to interpretation of Md.Rule 2–214).

This is not, however, simply an intervention case. Rather, because the proposed amendment here would extend the statute of limitations beyond the statutory three year limit, this intervention is really an effort to seek to amend the complaint by adding a new plaintiff. Grand–Pierre fails to recognize that the Maryland and federal rules governing amendment, unlike the intervention rules, differ in a critical respect. The federal amendment rule, Fed.R.Civ.P. 15, provides in pertinent part:

(c) **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In contrast, the Maryland amendment rule, Md.Rule 2–341, contains no equivalent "relation back" provision. Thus, contrary to Grand Pierre's argument, the cases interpreting the "modern" federal rule as to "relation back" are of little assistance in interpreting the Maryland rule, which contains no express provision for "relation back." This is particularly so because in fact Md.Rule 2–341 was adopted *more recently* than the federal "relation back" rule.[2] Accordingly, the Maryland Rule is in fact more "modern" than the "modern" federal rule.

Initially, although not directly on point, *Walko Corp. v. Burger Chef Syst., Inc.,* 281 Md. 207, 378 A.2d 1100 (1977), makes clear that the Court of Appeals does not favor a potential plaintiff's attempt to avoid the bar of the statute of limitations. In *Walko,* a federal court certified to the Court of Appeals the question of whether the statute of limitations was suspended during the pendency of a motion to intervene, which was ultimately denied because factually dissimilar from the original case. In holding that the limitations period was not tolled during the pendency of the motion,[3] the Court discussed the fact that the intervenor, who had 11 days after the motion to intervene was denied and 60 days during its pendency to file a claim and did not do so, offered no explanation for his failure to file a separate but timely motion.

Arguably, appellees were on notice of Walko's claim once the motion to intervene was filed. As we have indicated, however, Walko's approach to this case was hardly one of vigilance. The statute of limitations reflects a legislative judgment of what is deemed an adequate period of time in

---

2. Fed.R.Civ.P. 15(c) was originally adopted in 1938. It was amended in 1966 to reflect its present form and has existed since that time without substantial change, except for an unrelated amendment in 1991. Md.Rule 2–341 is based on two old rules: Rules 320 and 379. Those rules were rescinded and Rule 2–341 was adopted in July, 1984. *See also,* Paul V. Neimeyer & Linda M. Schuett, *Maryland Rules Commentary,* at 228–30 (2d. ed. 1992).

3. The actual *Walko* holding is no longer the law of Maryland. *See* Md.Rule 2–101(b) and Md.Rule 3–101(b).

which "a person of ordinary diligence" should bring his action.

*Id.* at 215, 378 A.2d 1100, quoting *Ferrucci v. Jack,* 255 Md. 523, 526, 258 A.2d 414 (1969).

Grand–Pierre is, of course, correct that *Walko* is not controlling here. It is relevant, however, because in *Walko* the Court of Appeals found determinative the intervenor-plaintiff's diligence, rather than the prejudice that would result to the defendants. This dramatically undercuts Grand–Pierre's similar argument that his intervention should be permitted because defendant, Montgomery County, was on notice of his claim from the original complaint filed by Martin (which mentions Grand–Pierre by name) and so would not be prejudiced by permitting relation back of his claim to the original complaint.[4]

In Maryland, although amendments are generally freely permitted in order to promote the ends of justice, *Ebert v. Ritchey,* 54 Md.App. 388, 394, 458 A.2d 891, *cert. denied,* 296 Md. 414 (1988), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 356 "[n]ot every amendment, even though allowable, is given retrospective effect, especially when giving it such effect will cause prejudice to or affect the substantive rights of other parties." *Gardner v. State,* 77 Md.App. 237, 251, 549 A.2d 1171 (1988). "[I]f an amendment sets forth a new cause of action, then limitations is measured from the time of the accrual of the cause to the date the amended declaration is filed, but if the amendment does not state a new cause of action, then limitations is determined with reference to the date of the original filing." *Myers v. Aragona,* 21 Md.App. 45, 51, 318 A.2d 263, *cert. denied,* 272 Md. 746 (1974). *See also, Doughty v. Prettyman,* 219 Md. 83, 88, 148 A.2d 438 (1959);

---

4. Grand–Pierre also claims that Montgomery County had notice of his claim from the police report of the accident. The police report was not made part of the record below, therefore, although included in Grand–Pierre's record extract; it is not properly before this Court. Certainly, a police report cannot be considered notice to the County of a course of action such as would toll the statute of limitations.

*Cline v. Fountain Rock Lime and Brick,* 214 Md. 251, 134 A.2d 304 (1957). Merely changing the legal theory does not constitute a new and different cause of action for purposes of statute of limitations and relation back; material operative facts, not the legal theory, determine the cause of action. *Priddy v. Jones,* 81 Md.App. 164, 170, 567 A.2d 154 (1989), *cert. denied,* 319 Md. 72, 570 A.2d 864 (1990). The latter principle, however, applies to the amendment of a pleading between the *original* parties.

When amendment is sought to add a *new party* to the proceedings, that principle is inapplicable because *any* cause of action as to that party is, of course, a new cause of action. Thus, under Maryland law, absent misnomer, *see, e.g., Western Union Tel. Co. of Baltimore City v. State ex rel Nelson,* 82 Md. 293, 306–308, 33 A. 763 (1896), relation back is not permitted when an amendment is sought to add a new defendant. *Alexander v. Rose,* 181 Md. 447, 30 A.2d 785 (1943) (no relation back when incompetent's administrator is sought to be substituted for incompetent's trustee); *Talbott v. Gegenheimer,* 237 Md. 62, 205 A.2d 285 (1964) (no relation back when statute of limitations had expired while complainant was seeking to have wife of defendant added as driver of the car); *Burket v. Aldridge,* 241 Md. 423, 431, 216 A.2d 910 (1966) (no relation back when deceased defendant's personal representative is sought to be substituted for the deceased defendant).

Maryland case law on the specific issue presented by this appeal, *i.e.,* whether an intervenor's attempt to enter a suit as an additional *plaintiff* after the statute of limitations has run on the cause of action, is sparse. Several Court of Appeals cases, considered together, however, do elucidate the relation back rule in this context. In two old cases, *Abrahams v. Myers,* 40 Md. 499 (1874) and *McDowell v. Goldsmith,* 2 Md. Ch. 370 (1851), creditors brought bills in their own behalf and in behalf of other creditors. In both cases, the Court held that when limitations expired before the other creditors sought to intervene they could not join the suits, *i.e.,* no relation back was permitted.

More recently, in *Crowe v. Houseworth,* 272 Md. 481, 325 A.2d 592 (1974), Crowe, who, together with 10 siblings, owned a farm in Garrett County as joint tenants, instituted an action against Houseworth for trespass. Houseworth countered with a preliminary objection that Crowe was only one of eleven joint owners and the other owners must be made parties to the case. Several years passed and the preliminary motion was ultimately granted. Although Crowe proffered that he would then join the other joint owners, the lower court held the entire action barred by the statute of limitations, which had clearly expired. The Court of Appeals reversed. First the Court acknowledged that in Maryland joint tenants must join in actions for injuries to real property, but explained that "[i]f the rule as to joinder is applied too rigidly, it is not difficult to conceive of a case where a joint tenant's right to relief might well be frustrated by the recalcitrance of one of his co-tenants," and so concluded that the late joinder should have been allowed. *Id.* at 483–84, 325 A.2d 592. Turning to the limitations defense, the Court held that, because Crowe's suit was indisputably timely filed and for the full amount of damages, Houseworth would not be prejudiced by the presence of new plaintiffs, and so the amended complaint was not barred by limitations.

In *Crowe,* the court distinguished *Abrahams* and *McDowell* on two grounds. First, it noted that in those early creditors' rights cases, it was not the original plaintiffs, but the new parties, who sought the addition of the new parties. *Crowe,* 272 Md. at 487, 325 A.2d 592. Secondly, the *Crowe* court recognized that in the earlier cases, unlike the situation in *Crowe* itself, permitting the addition of new plaintiffs would, if there were insufficient assets, imperil "the reward usually accorded the diligent," *i.e.,* the original plaintiff. *Id.* Both of these distinctions also differentiate *Crowe* from the case at hand. Moreover, Grand–Pierre's intervention is not required in order to preserve the original plaintiff's timely claim against Montgomery County, while the intervention of additional plaintiffs in *Crowe* was necessary to preserve Crowe's claim against Houseworth.

That the Court of Appeals did not intend to permit relation back in cases like that at hand, although implicit in *Crowe,* is explicit in *Morrell v. Williams,* 279 Md. 497, 366 A.2d 1040 (1976). In *Morrell,* a sixteen-year-old boy was struck and killed by a van owned by Morrell and driven by his employee, Worsham. The boy's mother filed a timely claim against Morrell and Worsham. After the statute of limitations had expired, an amended declaration was filed adding a fourth count, asserting a wrongful death claim by the next friend of the infant daughter of the young boy. Morrell "demurred" to that count and that "demurrer" was sustained on limitations grounds; Worsham did not "demur" and the jury returned a verdict against him in favor of the illegitimate child. The Court of Appeals, in reversing the judgment, stated that

[the infant's] claim did not merely relate to the manner in which the total amount of recovery originally claimed would be divided, but to an additional amount of recovery.... and [this] claim, instead of being based on the assertion of a claim to some part of [the mother's] recovery under the original [timely filed] declaration, was for a wholly different pecuniary loss and further pyramided the amount sought.

*Id.* at 508, 366 A.2d 1040.

■ *Morrell,* considered in conjunction with *Crowe, Abrahams,* and *McDowell,* clarifies the law in Maryland on relation back when an additional plaintiff seeks to intervene after the statute of limitations has run. Unless the additional plaintiff will merely be sharing in the damage award, and not "pyramiding" the original amount requested, relation back will not be applied so as to allow a plaintiff to side step a defense of limitations. Here, as the circuit court recognized, Grand–Pierre's addition as a plaintiff would have subjected Montgomery County to additional liability. Grand–Pierre suggests that this is so only because he sought an additional amount in the *ad damnum* clause, which, according to him, "is falling out of favor" and is "meaningless in modern pleading," and so should be ignored. In fact, the Local Government Tort Claims Act specifically provides that liability for a local government for negligent acts of an employee may not exceed $500,000 per

total claims for an occurrence and $200,000 per individual claim. Md.Code (1957, 1989 Repl.Vol., 1992 Cum.Supp.), § 5–404(a) of Cts. and Jud.Proc.Art. Thus, prior to Grand–Pierre's attempt to intervene, Montgomery County was only exposed to the amount of damages allowed for a single claim, $200,000. Had he been successful, Montgomery County potentially would have been subject to $400,000 in damages for two claims, not just because of the *ad damnum* clause, but because of the statute.[5]

The denial of Grand–Pierre's motion to intervene, which was, in effect, a motion to amend the complaint to add a new plaintiff after the statute of limitations had expired, was in accord with the principles set forth in *Morrell, Crowe, Abrahams,* and *McDowell.* Federal case law interpreting a "relation back" rule for which there is no Maryland analogue is inapposite. Accordingly, the circuit court's refusal to grant the motion was not error.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**

---

5. Grand–Pierre's assertion that, in order to avoid prejudice to the County, he would be "willing, if necessary, to claim an amount of damages that is included within the $250,000 pleaded by Mr. Martin" does not assist him. Not only was this issue not raised below and therefore is not preserved for our review, *see* Md.Rule 8–131, but also it is doubtful whether Martin who has "stated his non-opposition to Mr. Grand–Pierre's intervention," would be so willing to accept Grand–Pierre as a co-plaintiff if Martin would be forced to share his damage award with Grand–Pierre.