Timothy and Bernadette **LLOYD,** et al., Plaintiffs,

v.

**GENERAL MOTORS CORP.,** et al., Defendants.

Civil No. **BEL–07–2487.**

United States District Court, D. Maryland.

June 6, 2008.

Stephen Howard Ring, Stephen H. Ring PC, Germantown, MD, Fred Thompson, Frederick J. Jekel, Kevin R. Dean, Rhett D. Klok, Suzanne Lafleur Klok, William Taylor Lacy, William H. Narwold, Motley Rice LLC, Mt. Pleasant, SC, William F. Askinazi, Law Offices of William F. Askinazi, Germantown, MD, for Plaintiffs.

Karen Natalie Walker, Bridget Kathleen O. Connor, Kirkland and Ellis LLP, Washington, DC, Brian Patrick Kavanaugh, J. Andrew Langan, Kirkland and Ellis LLP, Chicago, IL, John David Wilburn, Michael J. Elston, McGuirewoods LLP, Mary Catherine Zinsner, Richard E. Hagerty, Troutman Sanders LLP, McLean, VA, Derek Handley Swanson, John Tracy Walker, IV, McGuire Woods LLP, Richmond, VA, John W. Rogers, Kathy A. Wisniewski, Thompson Coburn LLP, St. Louis, MO, for Defendants.

### MEMORANDUM

BENSON EVERETT LEGG, Chief Judge.

The Class Action Fairness Act of 2005 ("CAFA"), Pub.L. No. 109–2, 119 Stat. 4, allows certain class actions to proceed in federal court provided there is minimal diversity between the parties. By its terms, however, the CAFA applies only to actions "commenced" on or after February 18, 2005. 119 Stat. at 14. In the years since the CAFA was passed, parties to actions pending on the date of the statute's enactment have attempted, with some success, to remove their cases to federal court.

This is such a case. In June 1999, a group of Maryland residents sued four American automobile manufacturers for damages arising from the cost of replacing allegedly defective seating systems. After more than eight years of litigation, the Defendants invoked the CAFA and transferred the proceedings to this Court. The Plaintiffs promptly moved to remand, arguing that the CAFA is inapplicable because the instant suit "commenced" with the filing of the Plaintiffs' initial complaint in June 1999. The Court heard oral argument on the Plaintiffs' motion on May 23, 2008 and is now prepared to issue its ruling.

As explained more fully below, the Court agrees with the Defendants that the material changes in the Plaintiffs' Fourth Amended Complaint effectively "commenced" a new action for purposes of the CAFA. As a result, the instant class action was properly removable under 28 U.S.C. § 1332(d). Accordingly, the Court will, by separate order, DENY the Plaintiffs' Motion to Remand.

### I. Background

The Plaintiffs filed their initial complaint in the Circuit Court for Montgomery County on June 15, 1999, alleging that the seating systems in certain of the Defendants' automobiles were "unreasonably dangerous because [ ] unstable and susceptible to rearward collapse in the event of a rear-end collision." Docket No. 2, ¶ 15. The Plaintiffs amended their complaint three times over the following six months, adding several new named plaintiffs and significantly expanding the class of relevant automobiles. By the time the Third Amended Complaint was filed in November 1999, the class of vehicles containing the alleged defect included over 100 models manufactured by the Defendants between 1990 and 1999.

In March 2000, the Circuit Court for Montgomery County granted the Defendants' Motion to Dismiss the Plaintiffs' Third Amended Complaint, ruling that the Plaintiffs had failed to plead actual injury and that their claims were barred by the economic loss doctrine. The Court of Special Appeals affirmed the dismissal in an unpublished opinion on July 11, 2002. The Plaintiffs then petitioned for certiorari to the Maryland Court of Appeals, which agreed to hear the case during its September 2002 Term.

On February 8, 2007, more than four years after the case was argued, the Maryland Court of Appeals reinstated the Plaintiffs' Third Amended complaint. *Lloyd v. General Motors Corp.*, 397 Md. 108, 916 A.2d 257 (2007). In a significant pronouncement on Maryland law, the Court of Appeals held that even in the absence of actual personal injury, the Plaintiffs could recover for the economic loss of replacing the allegedly defective seating systems because they had adequately pled that the systems posed an unreasonable risk of death or serious injury. *Id.* at 262.

Following the Court of Appeals' decision, the Plaintiffs filed a Fourth Amended Complaint on August 19, 2007, altering their claims in three significant respects: first, by adding five new named plaintiffs, three of whom were never a part of the putative class; second, by including in the

putative class lessees of class vehicles for model years 1988–2005;[1] and third, by including in the putative class owners of class vehicles for model years 1988–89 and 2000–2005. Docket No. 46.[2]

In response to the Fourth Amended Complaint, the Defendants invoked the CAFA and transferred the proceedings to this Court. Docket No. 1. Relying on the language limiting the CAFA's applicability to actions commenced on or after February 18, 2005, the Plaintiffs moved to remand the action back to the Maryland state courts. The Plaintiffs' motion has been fully briefed and is ready for resolution.

## II. Standard of Review

■ As the party seeking removal, the Defendants bear the burden of establishing that the Court has jurisdiction. *See, e.g., Mayes v. Rapoport,* 198 F.3d 457, 460 (4th Cir.1999). In determining whether the Defendants have met their burden, the Court is "obliged to narrowly interpret removal jurisdiction[,] because the removal of proceedings from state courts raises significant federalism concerns." *Sonoco Prods. Co. v. Physicians Health Plan, Inc.,* 338 F.3d 366 (4th Cir.2003) (internal quotations and citations omitted).

## III. Discussion

In order to resolve this case, the Court must determine when the instant proceed-

---

1. The putative class in the Third Amended Complaint included only *owners* of class vehicles for model years 1990–1999. Docket No. 12, ¶¶ 21, 25.

2. The Defendants also contend that the Plaintiffs "modified their theory of defect in the seatbacks of the vehicles, from one defined by whether the seat used a single recliner mechanism to one apparently dealing with the strength of the seatback and its ability to withstand moderate collision impacts without rearward collapse." Def.'s Mem. at 5. In both the Third and Fourth Amended Com-

plaints, however, the term "defect" is defined as the inability of a seat (or, in the case of the Fourth Amended Complaint, an "Occupant Seating System") to withstand a rear-impact collision "without significant deformation or rearward collapse of the backrest which would create a substantial and unreasonable risk of personal injury or death to the occupant of the seat[.]" *Compare* Docket No. 12, ¶ 23 *with* Docket No. 46, ¶ 38. In light of this core similarity, the Court is persuaded that the Third and Fourth Amended Complaints rest on substantially the same claim.

ings "commenced" for purposes of the CAFA. If the proceedings "commenced" with the filing of the Plaintiffs' initial complaint in June 1999, the CAFA is inapplicable and removal was consequently improper. If, on the other hand, the Fourth Amended Complaint "commenced" a new action for purposes of the CAFA, the terms of the Act apply[3] and the Defendants were entitled to remove to this Court in accordance with 28 U.S.C. § 1332(d). Before deciding this question, however, we must first address two questions of applicable governing law.

The first question is whether, in ascertaining the date on which this suit "commenced," the Court should apply "relation back" principles to determine the effect of the Fourth Amended Complaint. According to the Plaintiffs, the Court should decline to apply relation back doctrine and instead look exclusively to the definition of "commence" set forth in the Maryland Code of Civil Procedure: "[a] civil action is commenced by filing a complaint with a Court." Md. Rule 2–102(a). Pursuant to this approach, the instant proceedings would be found to have commenced with the filing of the Plaintiffs' initial complaint on June 15, 1999, notwithstanding the nature or timing of subsequent amendments.

■ This position has little support in the case law. Although endorsed by the Ninth Circuit in *McAtee v. Capital One, F.S.B,* 479 F.3d 1143, 1146–48 (9th Cir.

2007) the Plaintiffs' "bright line" approach has been rejected by every other Court of Appeals to consider the question. *See Hughes v. La Salle Bank Nat'l Ass'n,* 2007 WL 4103680, at \* 2 (2nd Cir.2007); *Smith v. Nationwide Prop. & Cas. Ins. Co.,* 505 F.3d 401, 405–06 (6th Cir.2007); *Knudsen v. Liberty Mutual Ins. Co.,* 411 F.3d 805, (7th Cir.2005); *Plubell v. Merck & Co.,* 434 F.3d 1070, 1071–72 (8th Cir.2006); *Prime Care of Northeast Kansas, LLC v. Humana Ins. Co.,* 447 F.3d 1284, 1285–86 (10th Cir.2006). Furthermore, application of relation back principles in this context is entirely consistent with the removal statute, which expressly contemplates that amended pleadings may render a case removable. *See* 28 U.S.C. § 1446(b); *accord Braud,* 445 F.3d at 801; *Knudsen,* 411 F.3d at 807. Accordingly, in light of both the legal and pragmatic arguments in favor of the majority approach, the Court will apply a relation back analysis to determine the effect of the Fourth Amended Complaint.

Having concluded that relation back doctrine applies, we must now determine whether state or federal law controls. The Plaintiffs argue that the relation back analysis is governed by Rule 15(c) of the Federal Rules of Civil Procedure, whereas the Defendants maintain that the Court should look to Maryland law. Here again, the weight of authority is on the Defendants' side. As the Plaintiffs conceded during oral argument, the cases thus far have assumed that state relation back principles control.[4] *See, e.g., Plubell,* 434 F.3d at

---

**3.** Neither party disputes that there are over 100 plaintiffs in the putative class, that the amount in controversy exceeds $5,000,000, and that at least one of the plaintiffs is "a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2). Accordingly, the remaining prerequisites for removal under the CAFA are satisfied.

**4.** Although the Seventh Circuit recently questioned whether deference to state law is ap-

propriate in this context, it nevertheless suggested that application of state relation back doctrine is only problematic insofar as it might defeat the CAFA's goal of expanding federal removal jurisdiction. *Springman v. AIG Marketing Co.,* 523 F.3d 685, 687–88 (Posner, J.) ("[A]s the Act is silent on relation back, the interpretation that is consistent with [its] goal is permissible as well as preferable.") As will become clear in a moment,

1071 ("State law determines when a suit is commenced in state court."); *Smith*, 505 F.3d at 405; *Schorsch v. Hewlett–Packard Co.*, 417 F.3d 748, 750–51. *See also Adams v. Ins. Co. of North America*, 426 F.Supp.2d 356 (S.D.W.Va.) (Applying West Virginia law). Furthermore, although the Plaintiffs cite two cases from within this Circuit for the proposition that "[federal law] governs the relation back of amendments and controls in the fact of conflicting and less generous state law," *Federal Leasing Co. v. Amperif,* 840 F.Supp. 1068 (D.Md.1993); *citing Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 611–12 (4th Cir. 1980), neither of those case involved an action removed from state to federal court.[5] When a pleading is amended prior to removal, the relation back inquiry is governed by state law. *See Pacific Employers Ins. Co. v. Sav–A–Lot of Winchester,* 291 F.3d 392, 400 (6th Cir.2002); *Anderson v. Allstate Ins. Co.,* 630 F.2d 677 (9th Cir.1980).[6] Accordingly, the Court will look to Maryland law to determine the effect of the Fourth Amended Complaint.

■ The outcome of this case under Maryland law is clear. In *Grand–Pierre v. Montgomery County*, the Maryland Court of Special Appeals held that, as a general matter, amendments adding new party-plaintiffs do not relate back to a plaintiff's original complaint. 97 Md.App. 170, 627 A.2d 550, 554 (1993) (Motz, J.) "Unless an additional plaintiff will merely be sharing in the damage award, and will not be 'pyramiding' the original damage amount requested," the Court explained, "relation back principles will not be applied." *Id.* In this case, the Fourth Amended Complaint adds five new named plaintiffs, three of whom were never part of the putative class. Moreover, it is clear that the newly-added plaintiffs will not be "sharing" in a potential damage award, but will rather be seeking additional damages in the amount of $5,000 per class vehicle. *See* Docket No. 46, ¶¶ 112, 118, 124, 129, 134, 143, 146. Under Maryland law, this is the end of the analysis: the Fourth Amended Complaint adds additional plaintiffs who will be seeking additional damages, and must therefore be treated as new litigation for purposes of the CAFA.[7] Accordingly, the Defendants were entitled to remove this action to federal court pursuant to 28 U.S.C. § 1332(d).

Maryland relation back doctrine is easily harmonized with the goal of the CAFA.

5. Moreover, the focus of the relation back inquiry in both *Federal Leasing* and *Davis* was whether the plaintiff's claim was barred by the statute of limitations; here, by contrast, we are concerned only with the forum in which the case will be litigated.

6. Our conclusion on this point is further supported by Rule 81(c) of the Federal Rules of Civil Procedure, which provides that the Federal Rules "apply to civil actions removed to the United States district courts from the state courts and govern procedure after *removal.*" Fed.R.Civ.P. 81(c) (emphasis added). Accordingly, "[b]y obvious implication [ ] the rules [ ] do not apply to the filing of pleadings or motions prior to removal." *Kirby v. Allegheny Beverage Corp.,* 811 F.2d 253, 257 (4th Cir.1987).

7. Though the Court is constrained to apply Maryland law in this case, the decisions applying state-law analogues of Rule 15(c) suggest that a similar result is possible under the Federal Rules of Civil Procedure. In *Plubell* and *Phillips v. Ford Motor Co.,* the Eighth and Seventh Circuits held, respectively, that the *substitution* of a new named plaintiff does not commence a new action for purposes of the CAFA. In explaining this result, however, both decisions emphasized that the new party-plaintiff was *not* previously included in the putative class. *See Plubell,* 434 F.3d at 1073–74; *Phillips,* 435 F.3d 785, 788 (7th Cir.2006) (Posner, J.) In this case, three of the five additional named plaintiffs are totally new to the litigation, a distinction that may well trigger a new commencement date under the CAFA.

## IV. Conclusion

As the foregoing analysis makes clear, the Plaintiffs' Fourth Amended Complaint "commenced" a new action under applicable Maryland law, rendering the instant proceedings removable in accordance with the CAFA. Accordingly, the Court has jurisdiction over this dispute and the Plaintiffs' Motion to Remand is hereby DE-NIED. A separate order follows.

It is so ORDERED.