REPORTED
IN THE COURT OF SPECIAL APPEALS
OF MARYLAND
No. 0378
September Term, 2015

MICHAEL HANSBERGER

v.

BRADLEY SMITH, *et al.*

Nazarian,
Reed,
Zarnoch, Robert A.,
    (Retired, Specially Assigned),

JJ.

Opinion by Zarnoch, J.

Filed:  July 27, 2016

On the night of July 8, 2008, appellant Michael Hansberger, and his friend, Ronald Lewis, attended two "field parties" in Frederick County where underage drinking occurred. At the second party, a brawl ensued, and Lewis threw a piece of concrete, striking Hansberger in the head and causing permanent injury. In 2011, Hansberger filed a complaint in the Circuit Court for Frederick County alleging, among other things, numerous counts of negligence against Lewis, the organizers of the parties, and the owners of the farms at which the parties were held. The appellees in the present case are Claudia Riley, Thomas Riley, Thomas Riley, Jr. and Travis Riley, (the Rileys), Charles Smith, Jane Smith, Wayne Smith, Catherine Smith, Bradley Smith (the Smiths), and Jefferson Valley, LLC, Marvin E. Ausherman, Ausherman Holding Corporation, and Ausherman Development Corporation II (the Smith property owners).[1]

The Rileys filed a motion to dismiss the suit, or in the alternative, a motion for summary judgment. The Smiths and Jefferson Valley filed a motion for summary judgment, and the Smith property owners filed a motion to dismiss on the basis of limitations, or in the alternative, motion for summary judgment. After a hearing, the court granted the Rileys' motion to dismiss, concluding that Hansberger had failed to articulate a breach of a duty under his theory of social host liability based on Md. Code (2002, 2012 Repl. Vol., 2014 Supp.), Criminal Law Art. ("CR") § 10-117 or sustain his

---

[1] The initial complaint did not name Catherine Smith, Marvin E. Ausherman, Ausherman Holding Corporation, or Ausherman Development Corporation II as defendants. Hansberger filed a second amended complaint on September 3, 2013.

theory of premises liability.[2]  The court granted summary judgment for the Smiths and Jefferson Valley, finding no dispute of material fact, and no duty for the same reasons. Finally, the court dismissed the Smith property owners and Catherine Smith because Hansberger added them after the statute of limitations had run.

The case proceeded against Ronald Lewis, and Hansberger obtained a $12 million judgment against Lewis on April 22, 2015.  Taking aim at the Rileys and the Smiths, Hansberger filed a timely appeal to this Court on April 27, 2015, and presents the following questions for our review:

> I. "Whether [appellees] who hosted a high-risk 'field party' on their residential farms at which they negligently and illegally furnished alcoholic drinks to drunken, brawling teenagers had a duty of care to their guest who was maimed by such an inebriated minor?"
>
> II. "Does the three year period of limitations under Maryland Code Courts and Judicial Proceedings Article § 5-101 accrue when the claimant had no knowledge or reason to know of the existence of additional [appellees] until he received discovery from the other [appellees]?"

After the circuit court granted judgment for appellees and the case was briefed and argued, the Court of Appeals issued its opinion in *Kiriakos v. Phillips*, ___ Md. ___, No. 20, Sept. Term, 2015 (July 5, 2016), which recognized a limited form of social host liability based on a violation of CR § 10-117.  Because Hansberger did not allege or

---

[2] CR § 10-117 prohibits a person from knowingly furnishing alcohol to a minor and prohibits an adult from knowingly and willfully allowing a minor to possess or consume an alcohol at a residence that he or she owns or leases and in which he or she resides.  This statute is discussed more fully *infra*, at 10-12.

produce facts that showed a violation CR § 10-117 or that demonstrated appellees' knowledge of similar brawls in the past, we hold that he has failed to show the breach of a duty of care owed to him. We also hold that, because Hansberger was aware of the nature of his injury in 2008, he could not properly add new defendants in 2013, two years after the statute of limitations expired. We affirm the circuit court.

## BACKGROUND

The following information is taken from Hansberger's allegations as set forth in his second amended complaint and from depositions taken during discovery. On the night of July 12, 2008, Travis Riley hosted a party at his home in the Jefferson area of Frederick County—many young adults attended, including highschoolers and those under the age of 21.[3] Travis advertised the party on Facebook two days before the event and planned the music. The party was "bring your own beverage," but one attendee brought a keg. Riley collected a fee from the attendees to drink from the keg.[4] No member of the Riley family purchased any alcohol for the party.

The party took place in a field about 300 yards away from the family house on property that was owned by Travis's parents, Thomas and Claudia Riley. After a fight broke out, Travis ejected the attendees. Travis did not advise his parents that he planned a party at the Riley property, nor did his parents provide him with permission to host a

---

[3] Hansberger alleges that "up to 150 people" attended the party. Deposition testimony indicated that more than 40 people were in attendance.

[4] Thomas Riley, Jr., Travis's older brother, briefly attended the party, but did not drink.

3

party. In fact, Claudia Riley specifically told Travis *not* to host a party. The Riley parents were not home at the time, and were unaware of the event until Claudia returned home as Travis was getting people to leave.

Bradley Smith was at the Rileys' farm, and after Travis Riley started to ask people to leave his property, Bradley invited partygoers to his parents' farm, about three miles away. He, however, did not extend a general invitation and did not specifically invite either Hansberger or Lewis. None of the members of the Riley family attended the party hosted by Bradley Smith later that night. Bradley Smith left the Riley property at approximately 11:30 p.m.

The Smith residence was owned by Jefferson Valley, LLC.[5] Bradley Smith lived at a home on this property with his parents, Catherine and Wayne Smith. The area of the property where the party was held contained a demolished silo, and was strewn with bricks, rocks and cement pieces. The Smith party was also "bring your own beverage" and no alcohol was provided by Bradley Smith.

---

[5] The Smiths described the ownership of their farm in the following manner:

> When the Smith Farm was sold to Jefferson Valley in March 2003, Wayne Smith, Catherine Smith, and Bradley Smith were still living in the house on the Smith Farm. Because Appellee Jefferson Valley, LLC, was not, as of the date of the conveyance, ready to develop the Smith Farm, Jefferson Valley allowed Wayne Smith, Catherine Smith, and Bradley Smith to remain on the Smith Farm and occupy the farm house. All three continued to reside on the Smith Farm through at least July 12, 2008, pursuant to an informal understanding with the owner that Wayne Smith would continue to live in the farm house and serve as caretaker of the property.

Hansberger and his friend, Ronald Lewis, attended the Riley party, drank, and left when Travis ended the party. Lewis then went to another friend's house and continued to drink, until Hansberger picked him up to go to the Smith party, where they continued to drink. After Bradley Smith uttered what Lewis thought was a racist comment, Lewis punched Bradley, and a melee ensued. Most if not all of the attendees engaged in the fight, and some of the attendees threw bricks, rocks, and cement pieces found on the property grounds. Hansberger was injured shortly after 2:00 a.m., when he was hit in the head with a piece of cement while heading to the parked cars. Lewis initially admitted being the person who threw the cement. The police were called, and Lewis and other friends left the farm to take Hansberger to receive medical attention. Hansberger sustained permanent injuries. On February 11, 2009, Lewis plead guilty to reckless endangerment stemming from Hansberger's injury at the Smith party.

None of the other Smith defendants, nor the corporate owners of the property, were aware of the party or that underage drinking was taking place on July 12, 2008. Bradley Smith's grandparents, Charles and Jane Smith, lived several houses away from the Smith farm, and were not present at the farm that evening. Similarly, Bradley Smith's parents, Wayne and Catherine Smith, were unaware of the party because they returned home around 11:00 p.m. on July 12, 2008, and went to sleep around 11:20 p.m.—before any of the partiers had arrived on their property.

Hansberger filed this action in the Circuit Court for Frederick County on July 12, 2011, three years after the events described above. He asserted various theories of negligence liability against Ronald Lewis, the Rileys, the Smiths, and the owner of the

Smith property, Jefferson Valley, LLC.[6]  Following some initial discovery, on September 3, 2013, Hansberger amended his complaint to add Catherine Smith, Bradley Smith's mother, Marvin E. Ausherman, Ausherman Holding Corporation, and Ausherman Development Corp. II.

All defendants filed dispositive motions.  The Rileys filed a motion for dismissal, or, in the alternative, for summary judgment.  The Smiths and Jefferson Valley filed a motion for summary judgment.  Catherine Smith and the remaining Smith property owners filed a motion to dismiss on the basis of limitations, or in the alternative, a motion for summary judgment.  Hansberger opposed all motions.

The circuit court held a hearing on April 17, 2014.  The Rileys, the Smiths, and Jefferson Valley argued that Hansberger failed to allege or produce facts to support the existence of a duty of care.  Hansberger responded that he properly alleged a cause of action in negligence, which was based on premises liability and social host liability.  He also argued that there were disputed facts, and that no defendant was entitled to judgment as a matter of law.  The defendants that were added in 2013 (Catherine Smith, Marvin E. Ausherman, Ausherman Holding Corporation, and Ausherman Development Corporation II) argued for dismissal because Hansberger had added them to the action two years after the statute of limitations had run.  Hansberger responded that he was permitted to sue these defendants under the discovery rule, because he had learned of them during discovery, and had added them shortly thereafter.

---

[6] Hansberger also asserted counts of assault and battery against Lewis.

6

Ruling from the bench, the court dismissed the later-added defendants based on limitations. The court also granted summary judgment for Jefferson Valley, reasoning that Hansberger had failed to articulate a duty owed to him. At the end of the hearing, the court took under advisement the motions to dismiss or for summary judgment with respect to the remaining defendants. On June 9, 2014, the court issued an opinion and order, dismissing the claims against the Riley defendants and granting summary judgment in favor of the Smith defendants. The court held that neither the Rileys nor Smiths breached a duty owed to Hansberger.

Hansberger then pursued his claims against the only remaining defendant in the case, Ronald Lewis. Lewis and Hansberger reached a settlement on Hansberger's negligence claim, resulting in a judgment of $12.2 million against Lewis. Final judgment was entered on April 22, 2015. Hansberger noted his appeal of the order granting judgment for the Rileys and the Smiths on April 27, 2015.

## DISCUSSION

We review a trial court's decision to grant a motion to dismiss for failure to state a claim for legal correctness. *Rounds v. Md.-Nat'l Capital Park & Planning Comm'n,* 441 Md. 621, 635-36 (2015). In considering an appeal from that early stage, we assume the truth of those facts and allegations in the complaint, and all inferences reasonably drawn therefrom. *Id.* at 636.

On appeal from the grant of summary judgment, we "independently review the record" to ascertain whether there is a genuine dispute of material fact and, "if not, whether the moving party is entitled to judgment as a matter of law." *Wells Fargo Home*

*Mortg., Inc. v. Neal,* 398 Md. 705, 714 (2007) (Citation and internal quotation marks omitted). We consider "the record in the light most favorable to the nonmoving party and construe any reasonable inferences that may be drawn from the facts against the moving party." *Myers v. Kayhoe*, 391 Md. 188, 203 (2006) (citing *Livesay v. Baltimore*, 384 Md. 1, 9 (2004)). However, a plaintiff's claim must be supported by more than a "scintilla of evidence[,]" i.e., "there must be evidence upon which [a] jury could reasonably find for the plaintiff." *Blackburn Ltd. P'ship*, 438 Md. at 108 (quoting *Beatty v. Trailmaster Products, Inc.*, 330 Md. 726, 738-39 (1993)).

"Ordinarily, an appellate court should review a grant of summary judgment only on the grounds relied upon by the trial court." *Blades v. Woods*, 338 Md. 475, 478 (1995) (citing Md. Rule 8-131(a) ("Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court")). This does not mean, however, that we can only affirm the trial court using the reasoning—instead, the issue merely needs to have been raised and decided below. *See Conaway v. Deane*, 401 Md. 219, 243-44 (2007) ("[I]f two or more similar and 'inextricably intertwined' grounds for summary judgment exist, this Court may consider alternatively any related ground, if raised properly by the litigant in his, her, or its motion for summary judgment, if we find fault with the ground relied upon facially by the trial court"), *abrogated on other grounds by Obergefell v. Hodges*, 135 S. Ct. 2584 (2015).

## I.   Negligence

Hansberger argues that the Rileys, Smiths, and owners of the Smith property were negligent due to their breach of a duty resulting from either social host liability or

premises liability. Regarding social host liability, Hansberger argues that the appellees breached a general duty of care evidenced by the General Assembly's enactment of CR § 10-117. Regarding premises liability, Hansberger argues that the appellees breached their duty to keep the property safe and warn about known dangers, i.e., the rubble strewn about the Smith farm. We address each contention in turn.

## A. Social Host Liability

To state a negligence claim, a plaintiff must establish four elements: "a duty owed to him (or to a class of which he is a part), a breach of that duty, a legally cognizable causal relationship between the breach of duty and the harm suffered, and damages." *Jacques v. First Nat'l Bank of Md.*, 307 Md. 527, 531 (1986). Under the "Statute or Ordinance Rule," the violation of an ordinance or statute may establish a prima facie case in negligence.[7] *Blackburn Ltd. P'ship v. Paul,* 438 Md. 100, 111-13 (2014). To invoke the rule, the plaintiff must: (1) show "the violation of a statute or ordinance designed to protect a specific class of persons[], and [(2)] that the violation proximately caused the injury complained of." *Id.* at 112 (Citations and internal quotation marks omitted). Even if a statutory violation has not occurred, the existence of a statute may provide a basis for a duty of care. *Kiriakos*, ___ Md. at ___, slip op. at 33-37, 45.

In *Kiriakos v. Phillips*, the Court of Appeals recognized the existence of a narrow

---

[7] The violation of a statute (or ordinance) is considered evidence of negligence, but is not negligence *per se*. After a violation is established, the fact-finder must still determine whether the defendant acted reasonably under all the circumstances. *Hous. Auth. of Baltimore City v. Woodland*, 438 Md. 415, 441 (2014) (quoting *Brooks v. Lewin Realty III, Inc.*, 378 Md. 70, 85 n.5 (2003)).

9

form of negligence liability on the basis of a violation of CR § 10-117(b).[8] *Id.*, slip op. at 9. Because CR § 10-117(b) "holds adults criminally responsible for underage drinking under specific circumstances," the Court determined that the law satisfied the first step to establishing a prima facie case in negligence because it identified "a specific class that the General Assembly sought to protect: underage people exposed to alcohol." *Id.*, slip op. at 14.

Under the second step, a plaintiff must demonstrate "that the violation proximately caused the injury complained of." *Blackburn*, 438 Md. at 112 (Citations and internal quotation marks omitted). To establish proximate cause in this context, Hansberger must show that he "is within the class of persons sought to be protected [by the statute], and [that] the harm suffered is of a kind which the drafters intended the statute to prevent." *Id.* (Citations and internal quotation marks omitted).

The Court held that underage drinkers are within the class that the statute was designed to protect, and that the law was designed to protect these underage drinkers from the risky behavior associated with such drinking. *Id.*, slip op. at 18-19. Thus, in order to establish a prima facie case of negligence, Hansberger had to demonstrate that the appellees violated CR § 10-117(b). In this case, he must have alleged that an adult "knowingly and willfully allow[ed] an individual under the age of 21 years actually to possess or consume an alcoholic beverage at a residence, or within the curtilage of a

---

[8] CR § 10-117(b) provides that "an adult may not knowingly and willfully allow an individual under the age of 21 years actually to possess or consume an alcoholic beverage at a residence, or within the curtilage of a residence that the adult owns or leases and in which the adult resides."

residence that the adult owns or leases and in which the adult resides." CR § 10-117(b).

The *Kiriakos* Court also recognized the existence of another theory of negligence liability—one established by the breach of a common law duty of care, which in turn is based on the strong public policy underlying CR § 10-117(b). *Id.*, slip op. at 33-34. The Court analogized its reasoning to that embodied in negligent entrustment cases. *Id.*, slip op. at 38-42. Applying common law negligence principles to decide questions of duty under the common law, the Court also considered:

> the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered the injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise reasonable care with resulting liability for breach, and the availability, cost and prevalence of insurance for the risk involved.

*Id.*, slip op. at 45 (quoting *Ashburn v. Anne Arundel Cnty.*, 306 Md. 617, 627 (1986)).

As the basis for a common law duty, the Court acknowledged "the strong public policy underlying CR § 10-117(b)," which represented "the General Assembly's determination that underage persons have a diminished ability to handle alcohol and adults should not facilitate minors' consumption in the adult's homes, save the narrow exceptions in the statute." *Id.*, slip op. at 34. Distinguishing the breach of a duty of care in the context of CR § 10-117(b) from dram shop liability, at issue in of *Warr v. JMGM Group, LLC*, 433 Md. 170 (2013), the Court observed that "an adult only violates CR § 10-117(b), if he 'knowingly and willfully allow[s]' an underage person to possess or consume alcohol at his home." *Id.*, slip op. at 35-36. Important for our consideration of

the issues here, this "knowing and willful standard" is a predicate for the limited social host liability. *Id.*, slip op. at 36.

"Knowing" can be defined as either actual knowledge—"an actual awareness or an actual belief that a fact exists"—or willful blindness—a deliberate avoidance of making a reasonable inquiry with a conscious purpose to avoid learning whether a fact exists. *See id.*, slip op. at 35-36, n.44; *State v. McCallum*, 321 Md. 451, 458 (1991) (Chasanow, J., concurring). A "willful" act is one that is "committed intentionally, rather than through inadvertence." *Kiriakos*, ___ Md. at ___, slip op. at 36, n.44 (quoting *Deibler v. State*, 365 Md. 185, 195 (2001)) (Internal quotation marks omitted). As the Court noted: "the terms 'knowing' and 'willful' are not usually paired with negligence. But nothing prevents us from superimposing this requirement on a cause of action for social host liability sounding in negligence where an integral statute on which the negligence depends makes knowledge and willfulness pivotal for culpability." *Id.*, slip op. at 37 (citing *Ghassemieh v. Schafer*, 52 Md. App. 31, 40 (1982)).

From the text of CR § 10-117(b) and the Court's explication in *Kiriakos*, it is clear that, to create a duty of care to a third party injured by the minor, an adult must intentionally and with some knowledge allow alcohol to be served to an underage person. It is helpful to review the circumstances set forth in *Kiriakos* to understand why the Court imposed liability in that case, and why we decline to do so here.

*Kiriakos* involved two unrelated incidents in which a third party was injured after a minor lost control of a vehicle he was driving while intoxicated. In one incident, a parent knew that friends of her child were drinking in her garage and allowed the

intoxicated minor to drive home, even though other teenagers expressed concerns about his ability to drive safely. *Kiriakos*, ___ Md. at ___, slip op. at 3-5. A passenger riding in the flatbed of the truck was thrown from the truck and killed when the intoxicated minor struck a barrier. *Id.*

In the other incident that the Court considered, a 25-year-old supplied alcohol to a person under the age of 21, who was at his house for a celebration. The adult knew that the underage person was 18, that he had driven to the adult's house and would have to drive to leave, and that the person had too much to drink. *Kiriakos*, ___ Md. at ___, slip op. at 6-8. The 25-year-old told the underage person that he could leave "whenever he was ready" if he "was sure that he was going to be able to drive." *Id.* After waiting some time, the 18-year-old left the home in his vehicle in the early morning, and struck and severely injured a woman walking her dog on the sidewalk. *Id.*

By contrast, the adults (Claudia and Thomas Riley, and Jane, Charles, Catherine, and Wayne Smith) did not knowingly or willfully allow minors to drink alcohol on their respective properties. With regard to the circuit court's dismissal of the claims against the Rileys, Hansberger did not allege any facts to show the mental state of the appellees, instead relying on conclusory statements that the Rileys knew or should have known that minors were drinking alcohol and that the Rileys negligently allowed their children to host the party. Neither allegation supports the willful element of CR § 10-117(b). The circuit court was correct in determining that Hansberger did not allege a duty of care supported by CR § 10-117(b) with regard to the Rileys.

Hansberger's claims against the Smiths fail for similar reasons—even when we

consider "the record in the light most favorable to the nonmoving party and construe any reasonable inferences that may be drawn from the facts against the moving party," *Myers*, 391 Md. at 203 (citing *Livesay*, 384 Md. at 9), because Hansberger's claim must be supported by more than a "scintilla of evidence[,]" i.e., "there must be evidence upon which [a] jury could reasonably find for the plaintiff." *Blackburn Ltd. P'ship*, 438 Md. at 108 (quoting *Beatty*, 330 Md. at 738-39).

In depositions, the Smiths denied any knowledge of the party in their barn and denied allowing minors to drink alcohol on their premises. Hansberger argues that the Smiths should have known about the party, because Jane Smith said she had heard noise from other parties in the past. However, even accepting this fact and all reasonable inferences from it, Hansberger has failed to produce facts that demonstrate any willfulness on the part of the Smiths. Hansberger has not provided more than scintilla of evidence indicating that the Smiths' knowingly and willfully allowed minors to drink alcohol on their property.[9] We determine that there is no genuine dispute of material fact, and that Hansberger failed to produce facts sufficient to bring the case to the fact finder

---

[9] Similarly, it was undisputed that employees of Jefferson Valley had no knowledge of the field party that occurred on July 13, 2008, and Hansberger produced no evidence that Jefferson Valley willfully allowed minors to consume alcohol on the property. Further, CR § 10-117(b) requires that an adult "reside" on the property where the underage drinking occurred, in order for that adult to be liable. Jefferson Valley was not "residing" on the Smith farm, even though it owned the property. We, thus, affirm the court's grant of summary judgment for Jefferson Valley, LLC, on the ground of social host liability.

on the issue of the Smiths' breach of a duty of care.[10]  Although the circuit court did not have the guidance of the Court of Appeals's decision in *Kiriakos*, the court correctly determined that CR § 10-117 did not provide a basis for negligence liability in this case. We, thus, affirm the circuit court in this regard.

## B. Premises Liability

A judgment in negligence based on premises liability provides relief to plaintiffs

---

[10] Hansberger also argues that he stated a negligence claim on the basis of a violation of subsection (a) of CR § 10-117, which states that

> a person may not furnish an alcoholic beverage to an individual if:
>     (1) the person furnishing the alcoholic beverage knows that the individual is under the age of 21 years; and
>     (2) the alcoholic beverage is furnished for the purpose of consumption by the individual under the age of 21 years.

Although the Court in *Kiriakos* did not decide whether CR § 10-117(a) created a duty to a third party independent of that created by CR § 10-117(b), we hold that, under these circumstances, it would not.

In defining the public policy underlying the General Assembly's enactment of CR § 10-117, the Court emphasized the "knowing and willful" nature of a violation of the statute. *See Kiriakos*, ___ Md. at ___, slip op. at 9 ("we hold that there exists a limited form of social host liability sounding in negligence—based on the strong public policy reflected in CR § 10-117(b), but that it only exists when the adults in question act knowingly and willfully, as required by the statute"; *id.*, slip op. at 24 (requiring a "finding that the social host defendant **knowingly and willfully** allowed a member of the protected class to consume alcohol on the host's premises in violation of the statute").

The Court viewed the "knowing and willful standard as a predicate for the limited social host cause of action." *Id.*, slip op. at 36.  Furthermore, the Court underscored that "that what is blameworthy here is *not merely that an underage person drinks alcohol* on an adult's property, but that, as stated in CR § 10-117(b), the adult '*knowingly and willfully*'" allows an underage person to drink on the premises.  *Id.*, slip op. at 48 (Emphasis added).  It is inconceivable that the Court would take such pains to carefully circumscribe its holding if subsection (a)—which requires a mental state of mere knowledge and does not confine a violation to an adult's residence—could be interpreted to confer open-ended liability.  For this reason, a violation of subsection (a) alone does not create a cause of action for negligence.

who are subjected to dangerous conditions on an establishment's premises. *Troxel v. Iguana Cantina, LLC*, 201 Md. App. 476, 491 (2011). "This cause of action is based on common law principles of negligence and derives from an establishment's lack of supervision, care, or control of the premises." *Id.* at 493 (citing Restatement (Second) of Torts § 344 (1965)). All landowners who open their land to the public for business are required to use reasonable care in the supervision, maintenance, or control of the premises, and may even be required to protect against the criminal acts of third persons. *Id.* (citing Dan B. Dobbs, 2 The Law of Torts § 324 at 876 (2001)).

The owner of a property will be liable to invitees in negligence if "(1) the [owner] controlled the dangerous or defective condition; (2) the [owner] had knowledge or should have had knowledge of the injury causing condition; and (3) the harm suffered was a foreseeable result of that condition." *Veytsman v. New York Palace, Inc.*, 170 Md. App. 104, 116 (2006) (quoting *Hemmings v. Pelham Wood Ltd. Liab. Ltd. P'ship*, 375 Md. 522, 537 (2003)).

Hansberger argues that the appellees are liable under a theory of premises liability, and asserts that the Court of Appeals's decision in *Scott v. Watson*, 278 Md. 160 (1976), as well as this Court's decisions in *Corinaldi v. Columbia Courtyard, Inc.*, 162 Md. App. 207, *cert. dismissed*, 389 Md. 124 (2005) and *Troxel v. Iguana Cantina, LLC*, 201 Md. App. 476 (2011) provide a basis for his relief. Each case, however, is distinguishable because the property owner knew or should have known about the dangerous conditions prior to an injury occurring and because the resulting harm was foreseeable.

In *Scott*, a landlord received numerous complaints about criminal activity in the

16

parking garage of an apartment building, but failed to take any action to secure the property. After a victim was shot and killed by an unknown assailant in the garage, the Court of Appeals determined that the landlord could be liable in negligence, holding that "[i]f the landlord knows, or should know, of criminal activity against persons or property in the common areas, he then has a duty to take *reasonable* measures, in view of the existing circumstances, to eliminate the conditions contributing to the criminal activity." *Scott*, 278 Md. at 169. In *Corinaldi v. Columbia Courtyard, Inc.*, a person was shot at a hotel party by an unrelated third party. 162 Md. App. at 213. There was evidence that a hotel employee was informed about the person with a gun approximately 10 minutes before the shooting and could have acted upon that information to protect the guests by calling the police immediately. 162 Md. App. at 226, 228. In *Troxel*, we determined that a nightclub had a duty to take precautions against assaults that occurred during "college nights" where there was evidence that numerous prior incidents of violence during these events. 201 Md. App. at 498-99. In sum, a duty is imposed on a landowner to eliminate conditions that contribute to criminal activity if the landowner had prior knowledge of *similar criminal activity*—as evidenced by past events—occurring on the premises. *See Corinaldi*, 162 Md. App. at 223 & n.5 (2005).

Regarding the dismissal of Hansberger's claims against the Rileys, we view his allegations in the light most favorable to him—we, thus, consider Hansberger to be an invitee to the premises. In this case, no injury occurred on the Riley property, so the circuit court properly dismissed claims in negligence against the Rileys based on premises liability. *See Veytsman*, 170 Md. App. at 116 (requiring plaintiff to allege that

17

the defendant property owner controlled the dangerous condition).

With regard to the Smiths, we do not consider the existence of rubble on the Smith farm to be a dangerous condition upon which liability can be based. The injury, in this case, was the result of an intentional criminal act by a third party, Lewis, and was not the result of an accident resulting from the debris or poor lighting. Under *Troxel*, because Lewis's intentional act caused Hansberger's injury, Hansberger was required to produce some evidence that the Smiths knew that prior criminal conduct had taken place at their farm.

Here, Bradley Smith stated in his deposition that scuffles had occurred at previous parties. However, there was no evidence of previous criminal complaints and no indication that anything like the large-scale brawl that precipitated Hansberger's injuries had occurred before at the Smith farm. Unlike the owners of the nightclub in *Troxel*, the Smiths did not have knowledge of past criminal activity that would have created a duty to protect Hansberger from being injured by Lewis. Discerning no dispute of material fact with regard to the Smiths' knowledge, we affirm the circuit court's grant of summary judgment for the Smith appellees.[11]

## II.    Dismissal of Late Added Defendants

Hansberger also argues that court erred in dismissing his complaint against the

---

[11] We also affirm the court's grant of summary judgment for Jefferson Valley, LLC, on premises liability. It was undisputed that Jefferson Valley was not occupying the Smith farm, and that it had no knowledge of the field party that occurred on July 13, 2008 or any previous violent activity.

Smith property owners and Catherine Smith based on limitations. He avers that because he learned about the existence of these parties through discovery in 2012, his claims against them were filed well before the three-year statute of limitations set out in Maryland Code (1974, 2013 Repl. Vol.), Courts & Judicial Proceedings Article § 5-101.

The discovery rule, applicable to all civil actions, "tolls the accrual of the limitations period until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the *injury*." *Windesheim v. Larocca*, 443 Md. 312, 326-27 (2015) (quoting *Frederick Rd. Ltd. P'ship v. Brown & Sturm,* 360 Md. 76, 95-96 (2000)) (Emphasis added) (Internal quotation marks omitted). A plaintiff is not permitted to add a new defendant to a case after the limitations period has expired except to correct the name of a defendant. *Talbott v. Gegenheimer*, 237 Md. 62, 63 (1964); *see Grand-Pierre v. Montgomery County*, 97 Md. App. 170, 176 (1993).

Here, Hansberger was not correcting a misnomer of a defendant who already had notice of the suit. Instead, he sought to add several new defendants—parties that, with due diligence, he could have included in his original complaint. We affirm the judgment of the circuit court.

> **JUDGMENT OF THE CIRCUIT COURT FOR FREDERICK COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**